# Sloss-Sheffield Steel & Iron Co. v. Rohue.

## Damage for Injury to Servant.

(Decided June 3, 1913.  62 South. 957.)

1. *Master and Servant; Injury to Servant; Defect; Instructions.*—Where the injury was alleged to be due to the negligence of the defendant company in failing to provide safe machinery, or to some employee to whom it had entrusted this duty, and there was evidence that it was due to the negligence of an employe to whom the duty was entrusted, it was not error to refuse to direct a verdict for defendant in the event the defect was not caused by defendant's negligence.

2. *Charge of Court; Covered by Those Given.*—Where the same question has been submitted to the jury in another form, but covering substantially the instructions refused, the court will not be put in error on account of such refusal.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Robert Rohue for personal injuries against the Sloss-Sheffield Steel & Iron Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

[Sloss-Sheffield Steel & Iron Co. v. Rohue.]

The following charges were refused to defendant:

"(4) The court charges the jury that if you believe from the evidence that the links of the couplings on defendant's cars were sufficiently strong for the purposes in which they were employed when properly coupled together, then you should return a verdict for the defendant.

"(5) If you believe from the evidence that the break in the links of the coupling on the cars which plaintiff was riding was not due to the negligence of defendant, then you should return a verdict for defendant."

"(7) Unless you believe from the evidence that the link which broke in the coupling was defective through the negligence of defendant, then you should return a verdict for defendant."

The pleading and the facts sufficiently appear.

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINECK, for appellant. The court erred in refusing charges 4, 5 and 7 requested by appellant, as they are in accord with the former decisions of our Supreme Court.

BONDURANT & SMITH, for appellee. Counsel discuss assignments of error, but without citation of authority.

WALKER, P. J.—In the count of the compalint upon which the case went to the jury the injuries complained of were alleged to have been sustained by the plaintiff, while he was in the discharge of his duties as an employee of the defendant, in consequence of the breaking loose of some coal cars which, by means of a cable or rope, were being hoisted out of a mine operated by the defendant; and the fact that the plaintiff was subjected to the injuries was attributed to a defect in

the condition of the ways, works, machinery, or plant, connected with or used in the business of the defendant, which arose from, or had not been remedied owing to, the negligence of the defendant, or of some person in the service or employment of the defendant, and intrusted by it with the duty of seeing that its ways, works, machinery, or plant were in proper condition, in that the links of the chain that coupled said cars together were defective, in that they were not of sufficient strength for the purposes for which they were being used at the time of the accident.

Written charges 5 and 7, requested by the defendant, were properly refused, as each of them required the rendition of a verdict in favor of the defendant if the jury found from the evidence that the break which occurred in a link of the chain which coupled the cars together was not due to the negligence of the defendant itself, though there was evidence tending to prove that the defect in the link arose from, or had not been discovered or remedied owing to, the negligence of some employee of the defendant who had been intrusted by it with the duty of seeing that the cable or chain was in proper condition. These charges ignored one of the issues in the case.

Substantially, if not identically, the same state of facts which, in written charge 4 refused to the defendant, was made the predicate for an instruction to the jury to return a verdict for the defendant was, in charges given at its instance, made the predicate for instructions to the effect that the jury could not find in favor of the plaintiff. Acting under these latter instructions, the jury rendered a verdict in favor of the plaintiff. This imports a finding by them of the nonexistence of the state of facts hypothesized. So there is no room for any other conclusion in this connection

40 CA

than that, if the same state of facts had been stated to the jury as a hypothesis for the rendition by them of a verdict for the defendant, the result must still have been a verdict for the plaintiff. Conceding that, because of the difference in form, there was a difference in effect between the charge refused and those given, yet the appellant cannot be entitled to a reversal the only excuse for which would be to afford it an opportunity again to submit to a jury the substantially identical question of fact which was distinctly passed on by the verdict upon which the judgment appealed from was based. For the purposes of this case that verdict established it as a fact that the links of the couplings on defendant's cars were not sufficiently strong for the purposes in which they were employed, when properly coupled together. The record shows that the appellant, under other instructions given at its instance, had the benefit of the submission to the jury of the question which, by its written charge 4, it sought to have presented to them; and it is not entitled to have that question passed on again.

What has been said disposes of the only assignments of error which have been insisted on.

Affirmed.

*Damage for Injury to Servant.*

